UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID DOUCET, ET AL.

VERSUS

DORMONT MANUFACTURING COMPANY

CIVIL ACTION

NUMBER 13-251-SDD-SCR

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Motion to Compel State Farm to provide supplemental discovery responses filed by the defendant. Record document number 20. The motion is opposed.[1]

This case arose out of a fire that occurred at the home of plaintiffs David and Suzanne Doucet on January 17, 2012. Plaintiffs David and Suzanne Doucet, their children, and their insurer, State Farm Fire and Casualty Company, filed suit in state court asserting a products liability claim against defendant Dormont Manufacturing Company ("Dormont"). Plaintiffs alleged that Dormont manufactured a gas line which supplied natural gas to the Doucet's kitchen range, the gas line was defective, and it caused the fire in their home.

Dormont served its first set of Interrogatories and Request for Production of Documents to plaintiff State Farm on November 7,

---

[1] Record document number 22. Defendant filed a reply memorandum. Record document numbers 25 and 26 (same document). Plaintiff filed supplemental opposition and the defendant filed a supplemental reply. Record document numbers 28 and 29, respectively.

2013.  After receiving the plaintiff's responses,[2] the defendant contested the answers to Interrogatories Nos. 4 - 6 and the responses to Requests for Production Nos. 8 - 13.  Defendant received supplemental discovery responses from the plaintiff on February 4, 2014.[3]  Defendant asserted that these supplemental responses were also insufficient and filed this motion to resolve the dispute.  Plaintiff served its Second Supplemental Answers to Interrogatories and Requests for Production of Documents on March 26, 2014.[4]  Defendant argued in its supplemental reply memorandum that the plaintiff's second supplemental discovery responses are still not satisfactory.

After reviewing all of the plaintiff's discovery responses and the parties' arguments, the discovery disputes are resolved as follows.

In Interrogatory Nos. 4, 5, and 6, the defendant sought the facts supporting the allegations in the state court Petition for Damages concerning the unreasonably dangerous characteristics and design of the defendant's gas line and the failure to provide adequate warnings.  Request for Production Nos. 8 - 13 sought production of all documents and identification of all laws

---

[2] Record document number 20-2, Exhibit B.

[3] Record document number 20-4, Exhibit D, Supplemental Answers to Interrogatories and Requests for Production of Documents.

[4] Record document number 28-1.

supporting the plaintiff's responses to Interrogatory Nos. 4, 5, and 6.

Plaintiff State Farm initially responded to Interrogatory Nos. 4, 5 and 6 by making unsupported objections. In its Supplemental Answer to Interrogatory No. 4 served on February 4, 2014 the plaintiff referred to its "knowledge of and experience with numerous failures in similarly constructed stainless steel gas lines caused by electrical arcing." State Farm asserted that "[e]xtensive literature which discuses these issues is as equally available to the defendant as it is to plaintiffs," Plaintiff concluded its answer with this statement: "Additionally, the allegation that the Dormont stainless steel gas connector has unreasonably dangerous thin-wall characteristics is supported by conversations with consulting experts."[5]

A more evasive response can hardly be imagined.

First, from its answer it appears that plaintiff State Farm intends to prove its claim with facts gleaned from **other** failures involving **other** steel gas lines, and not the alleged failure of the

---

[5] Plaintiff did not withdraw its original answer to Interrogatory No. 4, in which it asserted that the discovery request is premature, and also asserted the attorney-client privilege and work product protection. There is no indication that State Farm produced a privilege log or actually withheld any information based on the asserted privilege or protection. Clearly the discovery request was not premature, and State Farm's assertion to the contrary was frivolous. As to the asserted privilege and protection, in the absence of a timely-produced privilege log, these assertions are baseless.

3

gas line installed in the Doucet's home, and not even failures of the stainless steel gas lines manufactured by the defendant. Yet, the plaintiff refused to disclose these other failures, and the details of them, or the manufacturers of these other gas lines. If the plaintiff intends to rely, at least in part, on such facts to support its claim, the plaintiff must disclose these facts.

Second, assuming that there is much literature available on the subject, surely it is important for the defendants to know what particular literature State Farm is relying upon to support its claim. State Farm cannot credibly assert that it is aware of **all** literature on the subject and that **all** literature on the subject supports its claim.

Third, it appears that plaintiff State Farm intends to rely on "facts" obtained from "conversations with consulting," i.e., non-testifying, experts. Plaintiff has not explained how this is possible under the Federal Rules of Civil Procedure and the current discovery deadlines. The deadline for the plaintiffs to identify their expert witnesses who will testify at trail was September 16, 2013, and the deadline for the plaintiffs to produce any required expert reports was May 14, 2014.[6] Plaintiff State Farm served its Supplemental Answer to Interrogatory No. 4 on February 4, 2014. By then the plaintiff must have known who its trial experts would be.

---

[6] Record document number 8, Scheduling Order, p. 2, item D; record document number 17, Amended Scheduling Order, item E.

Yet, the plaintiff's Supplemental Answer to Interrogatory No. 4 indicates it will rely on "facts" from consulting experts. At a minimum, the plaintiff had to identify these "consulting" experts so that the defendant would know whether they would be testifying at trial, in which case the experts should have been previously identified and should have produced their reports by now, or they are non-testifying experts who would not produce a report. Absent such information, the plaintiff's answer Interrogatory No. 4, is evasive.

In its Second Supplemental Answers to Interrogatories and Requests for Production of Documents, plaintiff State Farm re-asserted its frivolous prematurity objection, as well as its baseless attorney-client privilege and work product protection objections. It mentioned it will timely produce an expert report. Then it stated, presumably as a "fact" - which is what the interrogatory sought - "that the Dormont stainless steel flexible gas line is unreasonably dangerous due to its susceptibility to fail when exposed to errant electricity because of its thin-wall characteristics, failure to be grounded, and failure to be bonded." Plaintiff also referenced a 2009 article, "CSST Response to Lighting and Transients, A Technical Analysis," mentioned that the article refers to additional articles and literature, and cited the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq. Plaintiff did **not** purport to **rely** on any other specific published

5

article or other literature - the supplemental answer merely mentioned that the cited article refers to other articles and literature.

Other than the statement that the defendant's gas line was not grounded and bonded, the plaintiff's Second Supplemental Answers to Interrogatories Interrogatory No. 4, merely asserts the conclusion that the defendant's product is unreasonably dangerous. The statement that it has "thin-wall characteristics" is vague. Presumably the plaintiff contends it is too thin for the intended purpose. If so, the thinness (or lack of thickness) is a relevant fact. But the plaintiff failed to give even this basic fact. Stripped of the conclusory language, the facts identified in the answer, as supplemented, supporting the plaintiff's claim are these: the gas line is not grounded and not bonded. That the plaintiff will produce an expert report does not relieve it of the obligation to timely identify "facts" supporting its claim in response to an interrogatory.

Stripped of the same frivolous and baseless objections and conclusory language, the plaintiff's Second Supplemental Answer Interrogatory No. 5 provides this "fact": the product had no warnings. If the plaintiff attempts to rely on information or documents responsive to Interrogatory No. 5 and the corresponding requests for production, but it does not produce such information and documents to the defendant in a timely manner, it can be

prohibited from using such information and documents to support its claims under Rule 37(c)(1), Fed.R.Civ.P.

Both the plaintiff's Supplemental Answer to Interrogatory No. 6, and Second Supplemental Answer to Interrogatory No. 6, maintained the same frivolous and baseless objections, and also stated that "numerous alternative designs ... are available on the market." Once again, omitting the frivolous and baseless objections and conclusory statements, the plaintiff's answer is vague and evasive. The existence of alternative designs is a fact the plaintiff intends to rely on to support its claim. If there are numerous alternative designs, which one(s) does the plaintiff rely on? Again, that the plaintiff will produce an expert report does not relieve it of the obligation to timely identify "facts" supporting its claim. Plaintiff is required to identify each specific alternative design it intends to rely on to support its claim. Because Request for Production Nos. 12 and 13 seek documents, laws, and industry standards related to the response to Interrogatory No. 6, the plaintiff is also required to supplement is responses to these requests.

The argument set forth by the plaintiff concerning contention interrogatories is without merit. Interrogatories seeking to clarify the contentions of parties are specifically permitted by

Fed.R.Civ.P. 33(a)(2).[7]  Defendant's motion to compel was filed on February 21, 2014.  The discovery deadline set at that time was March 17, 2014 and the trial was set for December 15, 2014.  Based on the progression of the case, the plaintiff should have been adequately prepared by then to respond to these discovery requests.

Under Rule 37(a)(5)(A), Fed.R.Civ.P. if a motion to compel is granted or discovery is provided after filing, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that (1) the movant filed the motion before making a good faith attempt to obtain the discovery without court action, (2) the opposing party's failure was substantially justified, or (3) other circumstances make an award of expenses unjust.  Rule 37(a)(5)(A) is applicable because the defendant provided substantive supplemental responses after the motion to compel was filed, but still failed to provide responsive, non-evasive answers to Interrogatory Nos. 4 and 6 and produce documents responsive to Requests for Production Nos. 8, 9, 12 and 13.

Nothing in the record supports finding that the plaintiff's

---

[7] An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time.

failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, defendant is entitled to an award of reasonable expenses. Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable.

### Conclusion

Accordingly, the Motion to Compel Discovery From State Farm is granted in part. With respect to Interrogatory Nos. 4 and 6, and Requests for Production Nos. 8, 9, 12 and 13, plaintiff State Farm shall supplement its answers and produce responsive documents, without objections, within 14 days. Plaintiff's supplemental answers pursuant to this ruling shall comply with Rule 33(b)(1)(B) and (b)(5), Fed.R.Civ.P.[8] Pursuant to Rule 37(a)(5)(A), plaintiff is ordered to pay defendant, within 14 days, reasonable expenses in the amount of $450.00.

Baton Rouge, Louisiana, May 29, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiff's earlier answers were signed only by its attorney.